JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-9082 PA (AFMx) | Date | December 15, 2016 |
|---|---|---|---|
| Title | N. Va. Operating Co., LLC, et al. v. CIGNA Healthcare of Cal., Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a second Notice of Removal filed by defendants Cigna Health & Life Insurance Company, Connecticut General Life Insurance Company ("CGLIC"), and Cigna HealthCare of California, Inc. ("CHC") (collectively "Defendants"). (Docket No. 1, Second Notice of Removal ("SNR").) Defendants assert that this Court has jurisdiction over the action brought against them by plaintiffs Northern Virginia Operating Company, LLC; Sleep Med, LLC; KSK Enterprises, LLC; Midsouth Sleep Diagnostic Center, Inc.; MD Sleep Med, LLC; Duncan Operating, LLC; Covington Operating Company, LLC; American Sleep Medicine, LLC; Indianapolis Operating Company, LLC; Jacksonville Operating Company, LLC; JB-1MC, LLC; Houston Operating Company, LLC; St. Louis Sleep Center, LLC; and Maryland Sleep Medicine, LLC (collectively "Plaintiffs") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332. Defendants contend that CHC's citizenship should be ignored because CHC was fraudulently joined, and that complete diversity exists between Plaintiffs and Defendants other than CHC.

On July 13, 2016, Defendants CHC and CGLIC filed a notice of removal based on federal question and diversity jurisdiction. That notice of removal asserted that CHC was a sham defendant. (SNR, Greenfield Decl., Exh. B, 4.) Plaintiffs then filed a First Amended Complaint removing CHC and adding Cigna Health & Life Insurance Company as a defendant on August 6, 2016. (Id., Exh. C.) Plaintiffs filed a motion to remand, which the Court granted on September 12, 2016.[1/] After the case was remanded, Plaintiffs filed an amendment to the FAC adding CHC again as a Doe defendant on September 22, 2016. (Id., Exh. G.) Defendants filed this Notice of Removal on December 7, 2016.

**I.      Legal Standard**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be

---

[1/]     The first notice of removal failed to demonstrate complete preemption of Plaintiffs' claims by federal law and failed to adequately allege the citizenship of Plaintiffs,. (See id., Exh. F.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-9082 PA (AFMx) | Date | December 15, 2016 |
|---|---|---|---|
| Title | N. Va. Operating Co., LLC, et al. v. CIGNA Healthcare of Cal., Inc., et al. | | |

removed to federal court if that court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, a party must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). A person is domiciled in the place he resides with the intent to remain or to which he intends to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300–01 (9th Cir. 1989). By contrast, the citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("[T]he relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Vill. Assocs., Ltd. P'ship, 213 F.3d 48, 51–52 (2d Cir. 2000) ("[A] limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

**II.     Analysis**

    **A.     Fraudulent Joinder**

The Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulent joinder arises if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If a court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067. "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-9082 PA (AFMx) | Date | December 15, 2016 |
|---|---|---|---|
| Title | N. Va. Operating Co., LLC, et al. v. CIGNA Healthcare of Cal., Inc., et al. | | |

2001). Moreover, a claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42–43 (5th Cir. 1992)).

In the Notice of Removal, Defendants allege that CHC operates Defendants' HMO business in California; that CHC is licensed to operate in California only; that CHC's plans do not provide benefits for non-emergency healthcare services obtained from providers who are not part of Defendants' contracted HMO network; and that Plaintiffs are not in Defendants' HMO network in California. (SNR ¶¶ 1, 2; id., Jameson Decl. ¶¶ 3, 4.) Plaintiffs admit that they are not in Defendants' network; rather, they assert claims against Defendants for breach of implied contract, breach of implied covenant of good faith and fair dealing, fraud, negligent misrepresentation, unjust enrichment, violation of California's Unfair Business Practices law, recovery of payment for services, and quantum meruit. (See Greenfield Decl., Exh. C, FAC ¶ 36.) Defendants cite no law to support their conclusion that "CHC can have no liability in this case." (See SNR ¶ 2.) Instead, they contend that "Plaintiffs' decision to remove CHC from the lawsuit when initially confronted with the sham defendant issue further supports that CHC was fraudulently joined." (Id. ¶ 17(e).)

Defendants' allegations of CHC's operations do not demonstrate that CHC could not possibly be liable under Plaintiffs' claims. In addition, given that "all disputed questions of fact" must be resolved in favor of the non-removing party, the Court does not find Plaintiffs' previous removal of CHC as a defendant sufficient to demonstrate fraudulent joinder. Therefore, Defendants have not met their heavy burden to establish that CHC was fraudulently joined, and the Court will not ignore its citizenship in evaluating whether diversity jurisdiction exists.

  **B.**  **Citizenship of LLC Plaintiffs**

In addition, Defendants do not adequately establish the citizenship of plaintiffs that are LLCs ("LLC Plaintiffs"). Defendants correctly assert that an LLC has the citizenship of its members, or, if its member is an LLC, of its member's members. (See id. ¶ 17(b).) Each LLC Plaintiff has as its members Row[2] Zadeh ("Zadeh") and American Sleep Medicine LLC. (Greenfield Decl., Exh. I, 3 (responses to

---

[2] The Court spells Zadeh's name as it appears in the responses to the special interrogatories. (See Greenfield Decl., Exh. I, 3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-9082 PA (AFMx) | Date | December 15, 2016 |
|---|---|---|---|
| Title | N. Va. Operating Co., LLC, et al. v. CIGNA Healthcare of Cal., Inc., et al. | | |

special interrogatories); Id., Exh. H, 7 (special interrogatories); Greenfield Decl. ¶¶ 10–11 (explaining that Plaintiffs responded in one document to interrogatories issued separately to each LLC Plaintiff).) In turn, American Sleep Medicine LLC's sole member is Zadeh. (Id., Exh. I, 3.) Thus, Zadeh's citizenship defines the citizenship of each LLC Plaintiff. To determine Zadeh's citizenship, Defendants rely on Plaintiffs' response to the following interrogatory: "For each natural person identified [as a member of the LLC], please state the address where that person currently lives or resides." (See Greenfield Decl., Exh. H, 7 (emphasis added); SNR ¶ 17(b) (citing Greenfield Decl., Exh. I, 3 (responses to special interrogatories).) However, an individual is not necessarily domiciled where he lives or resides. Kanter, 265 F.3d at 857. Accordingly, Defendants have not established Zadeh's citizenship, nor therefore, LLC Plaintiffs' citizenship, as required to invoke diversity jurisdiction.

Therefore, Defendants have failed to meet their burden to demonstrate that the Court has diversity jurisdiction in this case.

## Conclusion

For the foregoing reasons, the Court remands this action to Los Angeles Superior Court, Case No. BC623037, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.